IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

vs.                                      CASE NO. **4:05CR000139GH**

JOSHUA LEE HOWE
AND ROBERT LEE PHILLIPS                                                                DEFENDANTS

## **ORDER**

As the United States was possibly seeking the death penalty in this case, two counsel were appointed to represent each defendant. On February 2, 2007, the government advised the Court that it would not seek the death penalty.

Defendant Phillips has filed a motion under seal to continue appointment of both attorneys representing him.[1] No request has been made by defendant Howe.

Defendants in capital cases are entitled to the appointment of two attorneys. 18 U.S.C. § 3005. In a non-capital case indigent defendants are entitled to the appointment of counsel; additional counsel is not warranted unless the case is extremely difficult. *See Guide to Judiciary Policies and Procedures*, Chapter 2, § 2.11B. *See also* Section VI. H, Eastern District of Arkansas Criminal Justice Plan, adopted February 26, 1998. The *Guide* also provides that as soon as practicable after a decision not to seek the death penalty, the number of appointed counsel and hourly rate should be reviewed in accordance with § 6.02B(2). *See Guide*, Chapter 6.

That section provides:

> The court should, absent extenuating circumstances, make an appropriate reduction in the number of counsel. In deciding whether there are extenuating circumstances, the court should consider the following factors:

---

[1]The motion was filed under seal as it contained defense theories. The motion may remain under seal; however, the Court is not persuaded that a sealing of this Order is warranted.

-1-

>   (a) the need to avoid disruption of the proceedings;
>
>   (b) whether the decision not to seek the death penalty occurred late in the litigation;
>
>   (c) whether the case is unusually complex; and
>
>   (d) any other factors that would interfere with the need to ensure effective representation of the defendant.
>
>   In addition, the court should, absent extenuating circumstances, reduce (only prospectively) the compensation rate. In determining whether there are extenuating circumstances, the court should consider the following factors:
>
>   (a) the extent to which this representation precludes counsel from taking other work;
>
>   (b) the commitment of time and resources counsel has made and will continue to make in the case; and
>
>   (c) the need to compensate appointed counsel fairly.

In this case, the Magistrate Judge first appointed William Owen James, Jr. to reprseent Howe (docket entry 13).  He thereafter  appointed Herbert T. Wright, Jr. as co-counsel for Howe (docket entry 17).  Howe subsequently sought replacement of counsel (docket entry 61) and the Magistrate Judge relieved Wright and James and appointed Sam Heuer and Madison P. Aydelott to represent Howe (docket entry 63).

The Magistrate Judge appointed J. Blake Hendrix to represent Phillips on June 2, 2005 (docket entry 25).  Pursuant to Phillps' motion, the Court appointed Jeff Rosenzweig as co-counsel (docket entry 37).

The Court is not persuaded that this case is so complex as to require that each defendant have two attorneys.  The attorneys representing defendants are seasoned defense attorneys, and have experience with murder prosecutions at both the state court and federal court level.  The trial is set for July 9, 2007 and counsel should have sufficient time to prepare.  The Court will consider the appointment of additional counsel at a later date should the case become unusually complex.

Thus, the Court hereby relieves Rosenzweig as co-counsel for Phillips and Aydelott as co-counsel for Howe.[2]  The Court thanks both for their representation of defendants.  Hendrix and Heuer shall be compensated at the rate for non-capital cases.

Accordingly, the motion to continue appointment of counsel is denied.

IT IS SO ORDERED this 2nd  day of March, 2007.

/s/ George Howard, Jr.
UNITED STATES DISTRICT JUDGE

---

[2]Based on the submissions filed to date, it appears that Heuer has taken a more active role in representing Howe.

-3-