```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                      WESTERN DIVISION
```

UNITED STATES OF AMERICA                              PLAINTIFF

v.            Criminal No. 4:05CR000139-001

JOSHUA LEE HOWE                                       DEFENDANT

## AMENDED ORDER

Currently before the Court are Defendant's Motion for Judgment of Acquittal as to Counts 3 and 5 or, Alternatively, Motion to Dismiss Count 3 for Violation of the Double Jeopardy Clause (Doc. 212), the Government's Response (Doc. 216) and Defendant's Reply (Doc. 219). Also before the Court are the Government's motion to dismiss the indictment (Doc. 217), Defendant's Objection (Doc. 219), and the Government's Response to the Defendant's Reply Regarding Motion for Judgment of Acquittal and Motion to Dismiss (Doc. 221).

**Defendant's Motion for Judgment of Acquittal as to Counts 3 and 5 or, Alternatively, Motion to Dismiss Count 3 for Violation of the Double Jeopardy Clause**

Rule 29(c) of the Federal Rules of Criminal Procedure provides, in pertinent part:

> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.
>
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

Fed. R. Crim. P. 29(c).

Defendant moves for judgment of acquittal as to Count 5 which charged Defendant with being a felon in possession of a firearm and to which the jury rendered a guilty verdict contending there was insufficient evidence to support the verdict. The Government contends it met its burden and presented sufficient evidence for the jury to find Defendant guilty of this charge.

A district court must enter a judgment of acquittal if the evidence presented at trial is insufficient to sustain a conviction. *U.S. v. Water*, 413 F.3d 812 (8th Cir. 2005). This standard is "very strict" and a jury's verdict should not be overturned lightly. *U.S. v. Ellefson*, 419 F.3d 859 (8th Cir. 2005). A motion for judgment of acquittal should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. *U.S. v. Cacioppo*, 460 F.3d 1012 (8th Cir. 2006) quoting *U.S. v. Gomez*, 165 F.3d 650 (8th Cir. 1999).

Defendant contends that the evidence at trial was insufficient to prove that he possessed the Hi Standard .22 caliber semiautomatic at issue on December 6, 2002, as charged in the indictment and that the interstate nexus was not proven as to any other guns that could have been used in the Gaither shooting.

During the trial, Sherria Doyle testified that three months prior to December 6, 2002, she had given Defendant a .22 caliber pistol that was similar to the Government's photograph exhibit. Further, Richard Smith testified that at the direction of Defendant, Smith retrieved a .22 caliber pistol from Defendant's car and gave it to Defendant who, in turn, gave it to Robert Phillips.  Additionally, Glen Jordan testified that a Hi-Standard .22 caliber semi-automatic pistol is not manufactured in Arkansas, therefore, it would have traveled in interstate commerce.

The Court finds there was sufficient evidence at trial to sustain Defendant's conviction on Count 5.  While there may have been testimony and evidence to the contrary, the jury was charged with judging the credibility of the witnesses, and the Court finds that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Defendant further seeks dismissal of the kidnapping charge in Count 3 contending a retrial would result in a violation of the Double Jeopardy Clause of the Fifth Amendment.  Defendant was acquitted of felony murder and possession of a firearm in furtherance of a crime of violence and contends that as both were submitted to the jury with kidnapping as a predicate offense, a retrial would violate the Double Jeopardy clause.

In *Harris v. Oklahoma*, 433 U.S. 682, the Supreme Court held

that when conviction of a greater crime cannot be had without conviction of the lesser crime, the Double Jeopardy Clause bars prosecution for the lesser crime, after conviction of the greater one.  However, in *Harris*, the Government conceded that the robbery for which petitioner had been indicted was, in fact, the underlying felony for his prior felony murder conviction. *Id*. at 683.  In the present case, the jury was entitled to consider kidnapping and/or robbery as the predicate offense, therefore, the Government did not have to prove all of the elements of kidnapping as it could have relied on robbery as the predicate offense for Count 2 and the crime of violence for Count 6.  *See Sekou v. Blackburn*, 796 F.2d 108 (5th Cir. 1986). Accordingly, the Court finds no Double Jeopardy violation, and Defendant's Motion (Doc. 212) is DENIED.

**Government's Motion to Dismiss Indictment**

The Government requests leave of the Court to dismiss the indictment against Defendant without prejudice as it anticipates re-indicting Defendant on or about September 4, 2007 (Doc. 217). Defendant objects to the dismissal being without prejudice (Doc. 219).

Rule 48(a) of the Federal Rules of Criminal Procedure permits the Government to dismiss an indictment with leave of court.  The principal object of the "leave of court" requirement is to protect a defendant against prosecutorial harassment.

4

*U.S. v. Jacobo-Zavala*, 241 F.3d 1009 (8th Cir. 2001).  The Court does not find that a dismissal would subject Defendant to prosecutorial harassment or that the Government is acting in bad faith.  Accordingly, the Government's Motion (217) is GRANTED, and the remaining counts of the Indictment, Counts 1 and 3, are DISMISSED WITHOUT PREJUDICE.

  IT IS SO ORDERED this 27th day of August, 2007.

            /s/ Robert T. Dawson
            Honorable Robert T. Dawson
            United States District Judge